UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

MICHAEL D. BLACK, MD, MBA,

    Plaintiff,

v.

CABLE NEWS NETWORK, INC. ("CNN"),
ELIZABETH COHEN,
JOHN BONIFIELD,
DANA FORD,
ANDERSON COOPER, and,
KELLY ROBINSON,

    Defendants.
_____/

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1441 and 1446, Defendants Cable News Network, Inc. ("CNN"), Elizabeth Cohen ("Cohen"), John Bonifield ("Bonifield"), Dana Ford ("Ford"), and Anderson Cooper ("Cooper") (sometimes collectively, the "CNN Defendants") remove the civil action *Black v. Cable News Network, Inc.*, No. 502016CA001517XXXXMB AA (Fla. Cir. Ct. filed Feb. 16, 2016), to the U.S. District Court for the Southern District of Florida. As required by 28 U.S.C. § 1446(a), the grounds for removal—together with a copy of all process, pleadings, and orders served on the CNN Defendants—are set forth below and attached as exhibits hereto.

    1.    On February 16, 2016, Plaintiff Michael D. Black, MD, MBA, ("Dr. Black") filed in the Fifteenth Judicial Circuit a 24-count, 211-page complaint for defamation against the CNN Defendants and Defendant Kelly Robinson ("Robinson"). *See* Exhibit A: Compl.

2. On February 26, 2016, each of the CNN Defendants signed waivers of service of process, thus effecting service of process on the CNN Defendants. *See* Exhibit B: Waivers of Service of Process.

3. On March 7, 2016, Defendant Robinson was served with process. *See* Exhibit C: Summons.

4. As required by 28 U.S.C. § 1446(b), this notice of removal is filed within 30 days after the receipt by the CNN Defendants, through service or otherwise, of a copy of the complaint.

5. Defendants remove this action in accordance with 28 U.S.C. § 1332(a), which gives districts courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

6. Here, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Dr. Black, who alleges that he "has been recognized throughout his career as one of North America's preeminent pediatric cardiothoracic surgeons," Compl. ¶ 20, alleges that Defendants' actions have "caused him significant economic harm," including, among other things, the closing of St. Mary's pediatric cardiac-surgery program, "of which Dr. Black was the lead surgeon and Medical Director"; the loss of "the ability to perform his trade as a pediatric cardiac surgeon and medical doctor"; the loss of "funding for a start-up company he was working to launch"; and the loss of "untold prospects for future employment." *Id.* ¶ 204. That the amount-in-controversy requirement is satisfied is beyond serious dispute.

7. With one exception, which will be addressed below, this action is also between citizens of different States. Specifically:

    a. Black is a citizen of the State of Florida. *See id.* ¶ 20.

    b. CNN is a citizen of the State of Delaware because it has been incorporated in Delaware and is a citizen of the State of Georgia because it has its principal place of business in Georgia. *See id.* ¶ 21.

    c. Cohen is a citizen of the State of Georgia. *See id.* ¶ 22.

    d. Bonifield is a citizen of the State of Georgia. *See id.* ¶ 23.

    e. Ford is a citizen of the State of Georgia. *See id.* ¶ 24.

    f. Cooper is a citizen of the State of New York. *See id.* ¶ 25.

8. Because Robinson, like Dr. Black, is a citizen of the State of Florida, *see id.* ¶ 26, diversity jurisdiction ordinarily would not exist. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). The fraudulent joinder of a non-diverse defendant, however, will not defeat diversity jurisdiction. Fraudulent joinder exists, as relevant here, "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076–77 (11th Cir. 2000)).

9. Here, both conditions of fraudulent joinder are satisfied as to Robinson. First, diverse defendants, i.e., the CNN Defendants, were joined with a nondiverse defendant, i.e., Robinson, as to whom there is no joint, several, or alternative liability. Indeed, none of the 22 counts against any of the CNN Defendants is also brought against Robinson, and none of the two counts against Robinson is brought against any of the CNN Defendants. *Compare* Compl.

(counts 1–22), *with id.* (counts 23–24). Second, the claims against the CNN Defendants (for alleged defamations arising out of the CNN Defendants' allegedly false and defamatory statements or implications made in articles, video reports, Tweets, and Facebook posts on CNN platforms) have no real connection to the claims against Robinson (for alleged defamations arising out of Robinson's allegedly false and defamatory statements she made in a telephone call, at St. Mary's Medical Center, at the home of the father of one of Dr. Black's patients, and at the office of her concierge pediatrician). In short, Dr. Black fraudulently joined Robinson to this action, and Dr. Black's claims against Robinson should be severed from this action and remanded to the Fifteenth Judicial Circuit.

10. In accordance with 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served—here, only the CNN Defendants—join in or consent to the removal of this action.

11. As required by 28 U.S.C. § 1446(d), the CNN Defendants will promptly give written notice of this notice of removal to all adverse parties and will file a copy thereof with the clerk of the Fifteenth Judicial Circuit.

Dated: March 16, 2016

Respectfully submitted,

s/Brian W. Toth
Charles D. Tobin
Florida Bar No. 816345
charles.tobin@hklaw.com
HOLLAND & KNIGHT LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 419-2539
Fax: (202) 955-5564

        Judith M. Mercier
        Florida Bar No. 32727
        judy.mercier@hklaw.com
        HOLLAND & KNIGHT LLP
        200 South Orange Avenue, Suite 2600
        Orlando, Florida 32801
        Telephone: (407) 244-5151
        Fax: (407) 244-5288

        Brian W. Toth
        Florida Bar No. 57708
        brian.toth@hklaw.com
        HOLLAND & KNIGHT LLP
        701 Brickell Avenue, Suite 3300
        Miami, Florida 33131
        Telephone: (305) 374-8500
        Fax: (305) 789-7799

        Counsel for the CNN Defendants

## CERTIFICATE OF SERVICE

I certify that on March 16, 2016, I filed this document with the Clerk of Court using CM/ECF, and that I electronically filed this document with the Florida Courts e-Filing Portal, which will serve it by e-mail on all counsel on the attached service list.

        s/Brian W. Toth

## SERVICE LIST

| | |
|---|---|
| John F. Mariani | Thomas A. Clare |
| jmariani@kammerermariani.com | tom@clarelocke.com |
| Christopher W. Kammerer | Elizabeth M. Locke |
| ckammerer@kammerermariani.com | libby@clarelocke.com |
| KAMMERER MARIANI PLLC | Joseph R. Oliveri |
| 1601 Forum Place, Suite 500 | joe@clarelocke.com |
| West Palm Beach, Florida 33401 | Dustin A. Pusch |
| | dustin@clarelocke.com |
| | CLARE LOCKE LLP |
| | 902 Prince Street |
| | Alexandria, Virginia 33316 |

        Counsel for Dr. Black